[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendants' Motion to Dismiss
The defendants State of Connecticut and Alan Leiper move to dismiss the plaintiff's complaint for the reason that the court lacks subject matter jurisdiction. The issue raised in this motion was addressed conclusively in the case of AmericanManufacture Mutual Ins. Co. v. State, 1994 WL 673452 (Sheldon, J.) (Conn.Super. 1994). Both the plaintiff and the defendants have cited and discussed that case, hereafter referred to as AMMIC, in their briefs.
The plaintiff in AMMIC sued the State of Connecticut to recover basic and added reparations benefits which it paid out to one Amy Carpenter under an insurance contract between itself and Michael Carpenter for injuries sustained by Ms. Carpenter in an automobile accident between Carpenter's car and a state vehicle. The insurer sued the state as subrogee of its insured claiming as CT Page 2563 a basis of its right of action the provisions of C.G.S § 38-369 (c) and 52-556.
Judge Sheldon in a well-reasoned decision granted the Motion to Strike filed by the defendant, State of Connecticut, holding that the language of C.G.S § 38-396 (c) was not intended to extend the right of recovery set forth in Section 52-566 to other than the injured person. The defendant in AMMIC claimed reliance on Section 38a-369 (c) and Section 52-556 of the Connecticut General Statutes for the proposition that Section 38a-369 (c) which provided in pertinent part:
 Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization an insurer that has paid such benefits to or for the injured person shall be subjected to all such rights of recovery to the extent of its payments.
and Section 52-556, which provides in pertinent part:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
read together extended to insurance companies the right to sue the state to recover reparation benefits paid by them to their insureds.
Judge Sheldon points out that Section 52-556 obviously does not apply to such an action since it affords a remedy only to those who have been injured in person or property by the conduct of a state employee; and that such a classification does not include an insurance company. Judge Sheldon goes on to say that Section 38a-396 (c) does not create such a cause of action "because though it extends to the insurer the right to sue when any person to whom it paid benefits has a right of recovery against any person or organization it does not explicitly extend such a right when the right of recovery is against the state."
The defendant in AMMIC had argued that the word "person" in Section 52-556 was one which by definition was broad enough to encompass a corporation such as the insurer. In his analysis of the two statutes Judge Sheldon pointed out that if the CT Page 2564 legislature had intended the word "person" to be all encompassing it would not have specified in Section 52-396 (c) "person" or "organization."
With the repeal of Section 38-396 (c) in 1994 the plaintiff in the instant case contends that section 52-556 standing alone with just the word "person" should be read to encompass the Insurer who stands in the feet of the insured. Such a construction would fly in the face of the plain language of that statute. The right to sue the state is a statutorily created right. Such statutes are to be narrowly construed. Strictman v.Burns, 203 Conn. 307 (1987).
Section 52-566 on its face leaves no question that the right to sue is extended only to the person injured in person orproperty (emphasis added). Nor does the legislature consider the word "person" to be all inclusive as evidenced by the use of "person" or "organization" in the now repealed Section 38-369 (c)
For the reasons stated, this court holds that Section 52-566
does not waive the state's sovereign immunity to allow claims of insurers who are subrogated to the rights of their insured. Accordingly, the motion to dismiss is granted on the grounds of lack of subject matter jurisdiction.
Hennessey, J.